*490 OPINION of the Court, by
Judge Boyle.
— On the 19th of October 1803, Jeremiah Proctor, by an instrument of writing signed and sealed by him, and di-, rscted to Thomas Nichols, administrator, and Ann Nichols, administratrix, of John Nichols, deceased, requested them to pay to David Davis, agent for George M’Calmont, surviving partner of the house of Boys and M’Calmont, the sum of five hundred pounds current money, out of the first monies they might collect of the proportion of him, the said Jeremiah Proctor, of the estate of John Nichols, deceased, if so much should come to their hands. This intrument being presented to Thomas Nichols, as administrator as aforesaid, was on the --day of- 1803, by his writing subscribed with his proper name, accepted and promised to be paid according to the tenor and effect thereof. Upon this instrument and the acceptance thereof, David Davis, as agent for George M’Calmont, surviving partner of the house of Boys and M’Calmont, brought an action of as* sumpsit in the court below, against Thomas Nichols, administrator, and Ann Nichols, administratrix, of John Nichols, deceased. After having set forth in his declaration, the instrument and its acceptance before stated, he avers “ that the sum of five hundred pounds current money, of the estate of John Nichols, deceased, due of the proportion of him the said Jeremiah Proctor, did colmé into the hands of, and was collected by the said defendants as administrator and administratrix of the said Joha Nichols, deceased.. And^then concludes with *491 the usual and formal averments of the liability of the defendants to pay, and their failure to do so.
An office judgment was taken against both the defendants, which on the motion of the defendant Ann, was set aside as to her, and she was permitted to plead separately non assumpsit. On the trial a verdict was fottnd for her, and a judgment given accordingly : but the office judgment remaining as to the defendant i ho-mas, a writ of inquiry was awarded and executed, and a final judgment rendered against him for the damages assessed ; to which he has prosecuted this writ of error.
The assignment of errors, amongst sundry objections taken to the regularity of the proceedings, questions the right of Davis to bring an action in his own name in this case.
Whether, if the instrument declared on possessed the requisite properties of a bill of exchange, Davis, and not M’Caknont, for whom he was agent, ought to 6e considered the payee, and might maintain an action in his own name against the acceptor, need noc be decided ; because most clearly it does not possess the properties, nor is entitled to the privileges of that commercial instrument. It is an essential quality of a good bill that it attach to itself the personal responsibility of the drawer, and be not drawn on the credit of any particular fund. But in the present case the instrument is drawn upon the credit of a particular fund, and does not involve the responsibility of the drawer. It can only be considered as an appointment or authority to the persons to whom it is addressed, to pay so much out of the particular fund mentioned, which if they refuse to do, r.o recurrence can be had upon the instrument itself to the drawer, but recourse must be had to the original debt (if any such ex'ste.d) which induced him to make such an appointment. Again, it is essential to a good bill that it be payable at all events, and that its payment shall not depend upon a contingency that may never happen.
But the instrument in question is made payable only, if so much of the particular fund alluded to, as would satisfy the sum mentioned, should come to the hands of the defendants. Now, though the fund itself might be sufficient to satisfy the demand, yet so much of it might never come to the hands of the defendants. It is evident therefore that this instrument is not possessed of *492 the properties requisite to give it the efficacy of a bill of exchange, and that it cannot, like that privileged in» strument, constitute the basis of an action without reference to the original consideration upon which it was founded. It may, however, be used as evidence of a debt ; but to whom is the debt due l certainly not to Davis, the agent, but to his principal; and for such a debt Davis can maintain no action in his own name. Every act of an agent done in pursuance of his agency, whether it be an act in pais or in court ought to be done in the name of his principal. In the present case the money received by the defendants was not to the use of the agent, nor could he in an action for money had and received, with propriety allege that it was for his use, when in fact it was for the use of his principal.
The court being of opinion that the action is improperly brought in the name of the agent, it becomes unnecessary to enquire into the validity of the objections, to the regularity of the proceedings.
Judgment reversed,