*503 OPINION of the Court, by
Ch. J. Bibb.
— -Withers declared, 1st. upon a bill of exchange, as drawn according to the custom and usage of merchants, by Mershon, in the county of Garrard, directed to James *504 Robert Jett, Culpepper, Virginia, thereby requesting them to pay the plaintiff, for value received, the sum of £. 147 15s. 7d, out of the money coming to the defendant, out of their father’s estate, dated December 7th 1805 ; that the said bill was afterwards on the 12th of October, 1806, presented for acceptance; but that the sa¡¿ persons on whom it was drawn, refused to accept according to the usage and custom of merchants, and “ then protested the said bill, as by an endorsement written thereon will appear;” of which the defendant after-wards had notice, &c. whereby he became liable, &c. and being so liable assumed, &c. The plaintiff, 2dly. counted upon an indebitatus assumpsit for part of the price of a tract óf land. To the first count the defendant demurred, and the plaintiff joined in demurrer ; plea, non assumpsit, and joined. The court overruled the demurrer.
not charge the drawer as a ne-*nd*bwiuaPnot fer is supperc an aftion a-Iráwer if not paid.
On the trial, the defendant moved the court to instruct the jury that a protest was essentially necessary to be proven, to authorise a recovery on the fir t count. Which motion the court overruled, and certified in the defendant’s bill of exceptions, the evidence relating to the refusal of the drawees to accept the bill.
The defendant moved the court to instruct the jury that no damages could be given on the bill, “ inasmuch as no legal protest has been proven ;” which motion was also overruled, and the defendant took his bill of exception.
The jury found a verdict for principal, interest and damages; upon which the defendant moved for a new trial; but was overruled, to which he took a bill of exceptions, stating the whole evidence, which was allowed by the court and enrolled.
Judgment was rendered for the plaintiff, from which the defendant appealed.
The judgment upon the demurrer was clearly erroneous. The bill in its subject matter and consequences, was not as supposed in the declaration. It was drawn on a particular fund ; it could not make the drawer personally liable ; and therefore was no bill of exchange according to the custom of merchants. For it is essential to such a bill, that it depends upon the personal credit and responsibility of the parties whose names are on it. Without such personal credit and. capacity to charge *505 the drawer and drawee the bill is not negotiable according to the usage of merchants, and if not negotiable, the parties are net liable to an action on it — Jenny vs. Herle, Jocelyn vs. Laserre, Str. 591 — Kyd on Bills, 50-54 — Nichols's administrator vs. Davis, ante 490.)
The paper was an order on a particular fund ; if that fund had been productive, and the drawe#had received the money himself out of that fund, under such concurring circumstances coupled with a good consideration, the bill might have been used, in an action for money had and received to the use of the payee, as evidence of a contract to permit the payee to receive the amount out of that fund.
As it was no bill of exchange, the questions about protest and damages are put aside. . The evidence stated in the bill of exceptions for refusing a new trial, relates only to this order and requires no comment.
It is therefore considered by the court, that the said judgment be reversed, the verdict set aside, and the cause remanded to the said court, with directions to enter judgment on the said demurrer (to the first count) in favor of the demurrant, with costs ; and for a new trial to be had on the issue of non assumpsit to the second count.