## SCUDDER *v.* CLARKE.

BILL OF EXCHANGE — *order for lumber is not.* An order for lumber, drawn by S. upon R., is not a bill of exchange, and the drawer is not liable upon it.

*Error to Probate Court, Arapahoe County.*

Mr. ALFRED SAYRE, for plaintiff in error.

EYSTER, J. .This was an action of assumpsit, brought by the defendant in error against the plaintiff in error, in the probate courrt of Arapahoe county, on an instrument in writing, of which the following is a copy, as set forth in the pleadings :

"DENVER, *July* 22, 1867.

" Mr. Edward Rawlings.  Sir : please deliver to Mr. Clarke or bearer four thousand feet of lumber and charge, as agreed, to my account.  EDWIN SCUDDER."

There were two counts in the plaintiff's declaration. The first was a special count on the instrument, as above set forth, and the second was the common indebitatus assumpsit count for work and labor, goods sold and delivered, etc.

The defendant demurred to the first count of the plaintiff's declaration, and pleaded the general issue to the second count. The court below overruled the demurrer, and the defendant stood by his demurrer and refused to plead. The plaintiff then withdrew the second count, and a jury was sworn to assess the plaintiff's damages on the first count in his declaration. The jury, after hearing the evidence submitted to them on the first count, rendered their verdict, assessing the plaintiff's damages at $100. A motion for a new trial was made by defendant, which was overruled, to which the defendant then and there excepted, and which, with the ruling of the court on the defendant's demurrer, is here assigned for error.

The only question for decision by this court is : Was the instrument sued on a bill of exchange or promissory note ? Was it such an instrument as involved the personal responsibility of the drawer of it ? We think it was not, it was not a bill of exchange, it had not one of the requisites of such an instrument. It was a mere request made by the defendant to Rawlings to deliver to the plaintiff or bearer four thousand feet of lumber and no more. In the case of *Mershon* v. *Withers*, 1 Bibb, 503, the supreme court say in reference to a similar case : " The bill in its subject-matter and consequences was not as supposed in the declaration.

It was drawn on a particular fund, it could not make the drawer personally liable, and, therefore, was no bill of exchange according to the custom of merchants; for it is essential to such a bill that it depends upon the personal credit and responsibility of the parties whose names are on it, without such personal credit and capacity to charge the drawer and drawee the bill is not negotiable according to the usage of merchants, and if not negotiable the parties to it are not liable to an action on it."

In the case of *Nichols, Administrator, v. Davis,* 1 Bibb, 490, the same court say in a case not dissimilar to this, "most clearly it (the instrument in question) does not possess the properties nor is entitled to the privileges of that commercial instrument (a bill of exchange). It is an essential quality of a good bill, that it attach to itself the personal responsibility of the drawer, and be not drawn on the credit of any particular fund. But in the present case the instrument is drawn on the credit of a particular fund and does not involve the personal responsibility of the drawer. It can only be considered as an appointment or authority to the person to whom it is addressed to pay so much out of the particular fund mentioned, which if they refuse to do no recurrence can be had upon the instrument itself to the drawer, but recourse must be had to the original debt (if any such existed), which induced him to make such appointment."

These cases we think are conclusive of the points in this case, and the judgment of the probate court must be reversed, and the court below is directed to enter judgment on the demurrer of the defendant below, to the declaration of the plaintiff in this suit.

*Reversed.*